IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| NAOMI SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 2:22-cv-02099 |
| | ) |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

## AMENDED PETITION FOR DAMAGES

Plaintiff, Naomi Smith, by and through her attorney, and for her cause of action against Defendant, Allstate Fire and Casualty Insurance Company, ("Allstate"), states and alleges as follows:

## PARTIES

1. Plaintiff Naomi Smith is an individual and a resident of Edwardsville, Wyandotte County, Kansas.

2. Defendant, Allstate Insurance Company is an insurance company, registered to business in the State of Kansas, and may be served through the Commissioner of Insurance at Kansas Insurance Department, 1300 SW Arrowhead, Topeka, Kansas 66604 pursuant to K.S.A. 40-218.

## JURISDICTION AND VENUE

3. This case involves personal injuries sustained by Plaintiff Smith in a motor vehicle collision which occurred on or about July 12, 2020 in Johnson County, Kansas.

4. Venue is proper pursuant to K.S.A. § 60-603, in that the Plaintiff was first injured in Johnson County, Kansas.

5. Jurisdiction is proper because Defendant committed tortious acts within the State of Kansas.

## FACTS COMMON TO ALL COUNTS

6. On or about July 12, 2020, Plaintiff Smith was the driver of a 2002 Lexus RX3, traveling northbound on I-435 in Shawnee, Johnson County, Kansas.

7. At that same time, Lucas Ehrnreiter was driving behind Plaintiff on northbound on I-435.

8. Mr. Ehrnreiter was driving inattentively, failing to carefully examine the road around him, and ultimately struck Plaintiff Smith's vehicle.

9. As a result of the accident, Plaintiff Smith suffered severe and permanent injuries.

## COUNT I – BREACH OF CONTRACT/VEXATIOUS REFUSAL TO PAY

10. Plaintiff re-alleges and incorporates Paragraphs 1 through 9 as though fully set forth herein.

11. On and after July 12, 2020, Plaintiff Naomi Smith was lawfully operating her motor vehicle in a northbound manner on I-435 and slowed her vehicle as she approached traffic.

12. Shortly thereafter, Mr. Ehrnreiter negligently and carelessly operated his motor vehicle by striking Plaintiff Smith.

13. That Plaintiff Huston sustained serious bodily injuries as a result of the crash.

14. Plaintiff was an insured under an Underinsured Motorist policy, that was issued by Defendant for valuable consideration, all of which consideration was paid.

15. Defendant's policy of insurance and endorsements (issued by Allstate) covered Plaintiff for Underinsured Motorist exposure related to the subject motor vehicle collision.

16. Under the terms of said coverage, Defendant bound themself to pay all necessary and reasonable damages to Plaintiff if there were no other insurance policies available to Plaintiff.

17. Plaintiff gave proper and sufficient notice of his losses and claims to Defendant.

18.     Plaintiff has complied with all terms and conditions of his contract for insurance with Defendant.

19.     Defendant is obligated under the Underinsured Motorist provision of its policy to pay Plaintiff's damages as the applicable primary policy of insurance.

20.     Plaintiff has demanded payment of his damages from Defendant under the applicable provision of his insurance policy but Defendant has refused to pay the requested amount.

21.     As a direct and proximate result of Defendant's failure to pay Plaintiff's damages, Plaintiff Naomi Smith has suffered damage; that Plaintiff's serious and permanent injuries have caused Plaintiff to suffer limitation of motion and loss of ability to perform day-to-day activities and thereby has prevented Plaintiff from enjoying life and earning income; that Plaintiff has in the past and will in the future be required to seek medical care and incur expenses therefore; that all of Plaintiff's injuries are permanent and progressive in nature.

22.     That the negligent driver, Mr. Ehrnreiter, was legally liable to the insured.

23.     That negligent driver Mr. Ehrnreiter's insurance coverage has been exhausted, and therefore he is underinsured.

24.     That the damages sustained by Plaintiff Smith exceed the amount of liability coverage available.

25.     The actions of Defendant, in failing to make payment under and in accordance with the terms and provisions of its contracts of insurance, were vexatious and without reasonable cause, in violation of Kansas law, thereby entitling Plaintiff to further damages as set forth under Kansas law, in addition, reasonable attorney fees.

WHEREFORE, Plaintiff prays for judgment against Defendant for an amount that will fairly and justly compensate Plaintiff for his injuries and damages in the amount to be determined

by the trier of fact but not to exceed $75,000, for cost incurred herein, for pre and post judgment interest, attorneys' fees, and for such other and such relief the Court deems just, proper, and equitable.

                Respectfully submitted,
                **THE GOSS LAW FIRM, P.C.**

                /s/ Peter E. Goss
                Peter E. Goss        KS# 22458
                1501 Westport Rd.
                Kansas City, MO 64111
                Phone:  (816) 527-8658
                Fax:  (816) 336-1310
                E-mail:  pgoss@thegosslawfirm.com
                **ATTORNEY FOR PLAINTIFF**

# **CERTIFICATE OF SERVICE**

      I hereby certify that a true and accurate copy of the above and foregoing document was sent via electronic mail on June 14, 2022 to:

John R Weist
LUDER & WEIST, LLC
7400 W. 132nd Street, Ste 110
Overland Park, KS 66213
(913) 491-9300
(913) 491-9323 (Fax)
jweist@lwlawkc.com

**ATTORNEY FOR DEFENDANT**
**ALLSTATE INSURANCE COMPANY**

                                    */s/ Peter E. Goss*
                                    **ATTORNEY FOR PLAINTIFF**